# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50149
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 24, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARLON ALEXANDER BONILLA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1120

Before KING, JOLLY, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Marlon Alexander Bonilla appeals the 60-month within guidelines sentence imposed following his guilty plea conviction to illegal reentry, in violation of 8 U.S.C. § 1326. He contends that the sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals in 18 U.S.C. § 3553(a). He argues that the guideline range was too high to fulfill § 3553(a)'s goals because U.S.S.G. § 2L1.2 is not empirically based and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

effectively double counts a defendant's criminal record.  He also contends that the range overstated the seriousness of his nonviolent reentry offense and failed to account for his personal history and characteristics.

We review the substantive reasonableness of the sentence for an abuse of discretion.  *United States v. Delgado-Martinez*, 564 F.3d 750, 751-52 (5th Cir. 2009).  We apply a rebuttable presumption of reasonableness to a within guidelines sentence.  *United States v. Mondragon-Santiago*, 564 F.3d 357, 360 (5th Cir. 2009).

In reliance on *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007), and for purposes of preserving the issue for possible further review, Bonilla argues that the presumption of reasonableness should not apply because the illegal reentry guideline lacks an empirical basis.  As Bonilla concedes, his argument is foreclosed.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *Mondragon-Santiago*, 564 F.3d at 366-67.

We have consistently rejected "double counting" arguments and arguments that U.S.S.G. § 2L1.2 results in excessive sentences because it is not empirically based.  *See Duarte*, 569 F.3d at 529-31.  We also have rejected the "trespass" argument that Bonilla asserts.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

The district court considered Bonilla's arguments for a lower sentence. Bonilla has not shown that his sentence does not account for a sentencing factor that should receive significant weight, gives significant weight to an irrelevant or improper factor, or represents a clear error of judgment in balancing sentencing factors.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Mere disagreement with the propriety of his sentence or with the weight given to § 3553(a) factors does not suffice to rebut the presumption of reasonableness that attaches to a within guidelines sentence.  *See United*

No. 14-50149

*States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010).  The judgment of the district court is AFFIRMED.